IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00913-MSK-MEH

EVEREST NATIONAL INSURANCE COMPANY, a Delaware corporation, and
EVEREST REINSURANCE COMPANY, a Delaware corporation,

    Plaintiffs,

v.

ROBERT E. SUTTON,
WK CAPITAL ADVISORS, INC.,
CENTRIX CONSOLIDATED, LLC, and
CENTRIX CAPITAL MANAGEMENT, LLC,

    Defendants,

JULIE SUTTON,

    Movant.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Movant Julie Sutton's Motion for Protective Order [filed April 21, 2009; docket #1]. The matter is referred to this Court. The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **DENIES** the Motion for Protective Order.

This discovery dispute arises from a case litigated in the U.S. District Court for the District of New Jersey. Movant Julie Sutton is the wife of Defendant Robert Sutton. Movant seeks a protective order precluding Plaintiffs from deposing her regarding the Julie L. Sutton Revocable Trust. Movant contends a deposition would be stressful, causing serious consequences for her health. Plaintiffs oppose the relief requested, alleging the protective order is an attempt by Defendants to "avoid or, at the very least, delay discovery of assets . . . ordered by the District of

New Jersey in protracted litigation between the parties." (Docket #4 at 2.)

The Court finds persuasive the authority cited by Plaintiffs in their response. (*Id.* at 10.) In *Coursey v. City of Camden*, a magistrate judge in the District of New Jersey cited, "[i]n seeking to prevent or delay a deposition on medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition will be dangerous to the deponent's health." No. 05-2820-RBK-AMD, 2009 WL 961537, at *3 (D.N.J. Apr. 7, 2009) (citing *Schorr v. Briarwood Estates Ltd. P'ship*, 178 F.R.D. 488, 491 (N.D. Ohio 1998). *See also S.E.C. v. Children's Internet, Inc.*, No. C-06-6003, 2008 WL 346419, at *3 (N.D. Cal. Feb.7, 2008) ("There is no doubt that [the witness] has a serious medical condition. However, the question for the Court is whether [the witness'] medical situation is so grave that he cannot participate in any kind of deposition, in particular, one in which special accommodations could be made."); *S.E.C. v. Misner*, No. 07-cv-01640-REB-MEH, 2007 WL 3232132, at *2 (D. Colo. Oct. 30, 2007) (allowing the defendant who alleged a heart ailment to have present a personal representative for medical support at the deposition and instructing the parties to be mindful of health conditions when scheduling the deposition); *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C.1987) ("The Court finds that the brief and conclusory doctor's certificate is not sufficient to obtain a blanket ninety-day protective order against her deposition."). Movant includes two separate doctor's notes in her motion and reply, stating Movant is to "avoid any stressful situations as they may lead to serious consequences for her health." (Docket #1-2 at 6; *see also* docket #9-2 at 1.)

The New Jersey court presiding over the primary case in this matter made clear in its order that Plaintiff "is permitted to demand, by subpoena if necessary, deposition testimony from the trustees of the Trust . . . ." (Docket #4-6 at 6.) Defendant Robert Sutton and Movant Julie Sutton are co-trustees of the Trust. As demonstrated in Plaintiffs' response and surreply, Defendant Robert

Sutton admitted that Movant Julie Sutton has knowledge regarding the Trust that he does not share. (Docket #4 at 15; docket #11 at 3.) Although the doctors' notes included with Movant's briefing indicate a serious medical condition, the Court finds no specific factual showing demonstrating Movant's health situation is so grave that accommodations at the deposition could not reasonably alleviate Movant's concerns, particularly in light of the extensive and specific order from the New Jersey court. Thus, the Court believes Plaintiffs are entitled to depose Movant. The Court directs the parties to be mindful of Movant's health condition and to schedule the timing and location of the deposition in consideration of Movant's health constraints.

Accordingly, the Court **DENIES** Movant Julie Sutton's Motion for Protective Order [filed April 21, 2009; docket #1].

Dated at Denver, Colorado, this 15th day of May, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge